BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
JOSHUA J. LEE (Cal. Bar No. 318332)
TRITIA L. YUEN (Cal. Bar No. 255468)
NEIL P. THAKOR (Cal. Bar No. 308743)
Assistant United States Attorneys
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3183
     Facsimile: (213) 894-0142
     E-mail:    Joshua.Lee2@usdoj.gov
                Neil.Thakor@usdoj.gov
                Tritia.Yuen2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 5:24-CR-163(A)-JGB |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANTS' SENTENCING MEMORANDUM |
| v. | |
| MARCOS GUERRERO ET AL., | **Sentencing Date:** June 23, 2025<br>**Sentencing Time:** 10:00 a.m.<br>**Location:**          Courtroom 1 |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Joshua J. Lee, Tritia L. Yuen, and Neil P. Thakor, hereby files its response to defendants' sentencing memorandum.

//

//

1

This response is based on the attached memorandum of points and authorities, the Presentence Investigation Reports, the files and records in this case, and such further evidence, argument, and briefing, as the Court may permit.

Dated: June 5, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

             /s/
JOSHUA J. LEE
TRITIA L. YUEN
NEIL P. THAKOR
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The United States Probation Office ("USPO"), in determining the relevant advisory guidelines for the sentencings against all defendants, applied the aider and abettor liability and/or the co-conspirator liability to certain sentencing enhancements against defendants.  (See Dkt. 252 ¶¶ 34-60 (Guerrero Revised PSR); Dkt. 246 ¶¶ 33-58 (Gafare Revised PSR); Dkt. 250 ¶¶ 32-57 (Leal Revised PSR); Dkt. 248 ¶¶ 31-50 (Solarez Revised PSR)).  The matter was set for sentencing on June 2, 2025.

On June 2, 2025, at the sentencing hearings,[1] this Court requested that the government file a written brief as to whether co-conspirator liability applies to sentencing enhancements in response to defendants' objections to the sentencing guidelines calculations. As explained below, co-conspirator liability, as well as aider and abettor liability, does apply to sentencing enhancements.

Under the United States Sentencing Guidelines ("U.S.S.G."), specifically section 1B1.3 (relevant conduct), a court can apply both aider and abettor liability and co-conspirator liability when applying the relevant sentencing enhancements under Chapters Two or Three of the U.S.S.G.  U.S.S.G. § 1B1.3(a).  U.S.S.G. § 1B1.3 states that sentencing enhancements can be applied in the following: **(1)** "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" or **(2)** "in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a

---

[1] The sentencing hearings were continued to June 23, 2025.

1

conspiracy), all acts and omissions of others that were—(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity; that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[.]" U.S.S.G. §§ 1B1.3(a)(1)(A) & (a)(1)(B).

As the Ninth Circuit has explained, "the Sentencing Guidelines allow enhancements to apply 'in the case of a jointly undertaken criminal activity ..., [to] all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity [under U.S.S.G. 1B1.3(a)(1)(B)]." United States v. Hornbuckle, 784 F.3d 549, 555 (9th Cir. 2015); see also United States v. Garcia, 909 F.2d 1346, 1350 n.1 (9th Cir. 1990) ("More important, in relying on Pinkerton liability . . . co-conspirator liability for the purpose of sentence enhancement has been dealt with explicitly in the Guidelines.").

Defendants' specific objection appears to center around testimony that may have been unclear as to who struck the blows that severely injured the victim, who brandished the firearm, and who drove the victim's car away from the scene of the crime. Indeed, the Ninth Circuit has held repeatedly in similar situations that a co-conspirator, who was not the person that actually committed the act that led to the sentencing enhancement, can be held accountable for the enhancement as a co-conspirator. See e.g., United States v. Lavender, 224 F.3d 939, 942 (9th Cir. 2000) (holding co-conspirators, who were not holding the dangerous weapon, accountable for the

2

dangerous weapon sentencing enhancement because the main defendant's use of the weapon was foreseeable to the co-conspirators); United States v. Washington, 297 Fed. Appx. 612, 613 (9th Cir. 2008) (stating that co-conspirator liability does apply to sentencing enhancements); United States v. Zelaya, 114 F.3d 869, 872 (9th Cir. 1997) (applying threat of death sentencing enhancement to a co-conspirator because the threat was reasonably foreseeable under U.S.S.G. § 1B1.3).

    Thus, based on the plain language of U.S.S.G. § 1B1.3, as well as established Ninth Circuit precedent, co-conspirator liability (as well as aider and abettor liability) does apply to sentencing enhancements, and the Court should overrule defendants' objections and apply the enhancements to all three defendants.